**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KYLE DEBERRY, | No. 09-17434 |
| Petitioner - Appellant, | D.C. No. 3:04-cv-00858-SMM |
| v. | |
| CHARLES R. RYAN; TERRY L. GODDARD, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Submitted February 18, 2011[**]
San Francisco, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and CONLON, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

Petitioner Kyle DeBerry appeals the district court's denial of a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. DeBerry pled guilty to manslaughter in the Superior Court of Coconino County, Arizona. He argues that prosecutors breached their plea agreement when, during sentencing proceedings, they described the homicide in a manner that suggested DeBerry committed unprovoked first-degree murder as opposed to manslaughter.

The Arizona State Court of Appeals held that prosecutors had argued the degree of provocation, not its existence, so did not breach the agreement. DeBerry argues that the state court of appeals decision was contrary to *Santobello v. New York*, 404 U.S. 257 (1971), under 28 U.S.C. § 2254(d)(1) and based on an objectively unreasonable factual determination in violation of § 2254(d)(2).

The state court of appeals' decision was not an unreasonable application of, or contrary to, *Santobello*, 404 U.S. 257. *See* 28 U.S.C. 2254(d)(1). In *Santobello*, prosecutors failed to keep a specific promise articulated in the agreement. Here, the terms of the plea agreement were met. Furthermore, sentencing was left to the court's discretion and the prosecution never said or did anything to suggest it was arguing for a harsher sentence than was already available for manslaughter. Nor did prosecutors agree as part of the plea to remain silent at sentencing. The record

does not support a conclusion that the state court was objectively unreasonable in its application of *Santobello.*

Regarding DeBerry's claim under § 2254(d)(2), the court's factual determination was not unreasonable considering the totality of evidence presented in the state-court proceeding. *See Wood v. Allen*, 130 S. Ct. 841, 848 n.1 (2010) (internal citations omitted). Even though, in response to DeBerry's argument that provocation was extreme, prosecutors made statements that could reasonably be interpreted as suggesting first-degree murder instead of manslaughter, they offered additional evidence suggesting manslaughter, and reiterated on multiple occasions that DeBerry was provoked into committing a non-premeditated killing. Furthermore, nothing suggests prosecutors argued for life imprisonment or death, the sentencing options available for first-degree murder. To the contrary, prosecutors conceded to a sentence within the statutory range for manslaughter and DeBerry received a sentence of sixteen years, five years less than the maximum sentence available. Because the state court's factual determination that prosecutors were arguing that minimal provocation existed is not objectively unreasonable, this claim fails as well.

We decline to reach petitioner's uncertified claim. *See* 28 U.S.C. § 2253(c)(2).

3

AFFIRMED.